2011-71-12 Ms. Thayer, when you're ready. Is it Ducheneau? Yes, Your Honor, I believe it is. May it please the Court. Ms. Ducheneau appeals the veteran court's determination that she is not entitled to two separate disability ratings for two separate disabilities of her right shoulder. Ms. Ducheneau is service-connected for bursitis, which is rated on limitation of motion. Why do we have jurisdiction here? Was that not a final decision because there was a remand? It is correct that this is a non-final decision. This Court and the parties do not dispute that this is a non-final decision. The parties also do not dispute that the first two conditions of Williams are satisfied. The disagreement before the parties is whether the third condition of Williams is satisfied. That is, if there is a substantial risk that the decision will not provide remand and whether the remand proceeding will move the issue. And it is our opinion that there are at least two scenarios in which this issue will be rendered moved depending on a factual determination by the Court. But you have the – so maybe you can include this. I know you had more to say. But you have the government coming in here, as it did in another case we had, non-precedential Cullen, and the government says the Secretary is here telling you that you will be able to seek review with regard to the interpretation of 471. So given that concession on that part, I mean, how does it remain the case that you are certain that you will not be able to seek review? Well, first, when we filed our appeal brief, Cullen had not been decided. And we did not have the benefit of the Court's wisdom in that case. And I also understand, Judge Post, you were on that panel and issued that decision. This case, though, is not Cullen. One of the distinctions is that in that case, Cullen conceded that there was nothing in the remand that would move the issue. And we have examples of – so we think that the decision that the third criteria was lacking was proper, in part because Cullen conceded that the issue would not be moved on remand. If you recall in that – in Cullen – why the issue would be mooted, under what circumstances it would be mooted. Sure. For example, in our case, the veteran is rated under bursitis. But she currently has no ratings under 5201. And the board found that the evidence did not support any rating. And on that point, the Veterans Court found that the medical evidence was inconclusive. And we managed with the board to get more factual information and to make a determination as to whether she – or any rating was supported. By the fact that the Veterans Court limited the board by its ruling in Cullen, by improperly applying Cullen, on remand, the board is only going to consider whether one – whether she's entitled to one rating. But it is possible that the board may decide that the medical evidence doesn't support – they may only evaluate it on one rating. They may look at – they may decide she's entitled to one rating and not look at the second rating because they're barred because of the holding in Cullen or the application in Cullen. They may look at whether she's entitled to a second rating and decide she's not entitled to a second rating. So there's a substantial risk and a clear probability that at the end of the remand, the Veteran will be awarded only one rating. In which case, the issue of whether she is entitled to – whether a Veteran is entitled to two ratings under diagnostic code 5201 would be moved because she would have already been – it would have already been decided that she's only entitled to one rating. That's how we feel that this case differs from Cullen. And we do feel that the jurisdiction of the court is proper here. We feel that Cullen should not pertain because we think that there is – So the second issue, assuming that the court has jurisdiction, is whether she can receive two ratings under diagnostic code 5201. We think that the Veterans Administration regulations are clear on this point because 38 CFR 4.45 provides that limitation of motion of a joint such as a shoulder should be evaluated in two separate claims. It says in separate claims is the exact language. And 38 CFR 4.71a, particularly plate 1, gives some diagrams that shows that shoulder limitations should be measured in terms of abduction or flexion, which is a forward motion. You're going to get your exercise this morning. Yes, Your Honor. That's what's called demonstrative evidence. I'm sorry. It's not clear from the record, but it's something that seems to make a point. It makes the point that these two motions are separate disabilities because they limit the veteran in separate ways. If you're able to extend your arm out to the side in an abduction, for example, there's certain things you can do. If you're limited in a flexion direction, you may not be able to lift up your grandchildren, but you may be able to have a job, for example, as a lacrosse umpire signaling direction if you have movement in the abduction direction. So I think the fact that these two – I think it was not by chance that the veterans' regulation requires that the limitation of movement be examined in two directions. They're two separate disabilities which affect the veteran's life in two separate sets of ways. And there's nothing in the VA regulations that explicitly says that you're not entitled to two disability ratings under Diagnostic Code 5201. In fact, the regulations specifically allow it in particular situations. It's clear that a veteran can receive multiple ratings for one injury. I think Esteban speaks to that. It's also clear that she would be awarded one rating under 5201 if her right shoulder were limited in one direction and her left shoulder were limited in another direction. So the VA regulations specifically allow two ratings under Diagnostic Code 5201. The issue here is – the issues are two. The first is we think that, in our case, we're improperly limited by the court's application of Cullen, which we think does not apply. And secondly, it is our opinion that she can receive two ratings under Diagnostic Code 5201. There's nothing in the VA regulations specifically precludes that. Esteban had multiple Diagnostic Codes. Isn't that right? They have multiple Diagnostic Codes. Yes, that's true. So the case doesn't stand for the proposition that you can have multiple disability ratings under one Diagnostic Code. This is true. It stands for the proposition that you can have multiple ratings for a single injury. You had one, a single injury with a gunshot wound, and, yes, there were several. But the problem here is that there's only one Diagnostic Code that applies, and there aren't separate disabilities listed under that Diagnostic Code. There's one – the way Diagnostic Code 5201 is written is that it lists the ranges for 20 percent, 30 percent, 40 percent, depending on the range of motion. But Plate 1 shows that one – you should be evaluated for abduction or flexion. And I think Mariano, if I recall correctly, looked at this issue also and said that a veteran could be entitled – 5201 did not require that the veteran to show disability in two directions in order to get the rating. That disability in only one direction would be the rating. And Mariano did say that because two directions would be a significantly more disability. It would be a more – what was the word – restrictive, more severe disability. And so because nothing in the regulations preclude giving two ratings under 5201, we think it would be consistent to allow two ratings under 5201 if you're limited in one direction – if you're limited in two directions, because that would compensate the veteran for a more severe disability – more severe set of disabilities in the sense that the veteran – when the veteran is limited in two different directions, it's more severe than being limited in one direction. So we think that two disability ratings for limitation of motion in two directions is an appropriate result for the veteran. Would you like to save the remainder of your time? I would, thank you. We will do that. Mr. Creheim? Good morning, ma'am. Please, the court. The court should dismiss this appeal. The court doesn't possess jurisdiction to entertain this case. The Veterans Court decision here is not a final order. It doesn't meet the third criteria of the Williams test. There's not a substantial risk here that the decision won't survive. So what is your response to Ms. Bair's explanation to this court as to why it wouldn't survive? Well, she's incorrect. The remand won't move the issue here of whether or not she can obtain two ratings under a single diagnostic code. The Veterans Court here remanded for the board to address or further explain the question of is she entitled to an increased rating. She can still only get one rating under this diagnostic code. She can appeal that issue to the Veterans Court and then to this court. Her challenge that she raises here won't be mooted by the remand. Moreover, in the Joyce case, as Your Honor noted in the Cullen decision, in the Joyce case, this court said a veteran can, at the end of the day, appeal either the first Veterans Court decision or the second decision. So that as well. Well, if that's the case, then you can never meet the third prong of the Williams decision, right? Well, I think the third prong of the Williams decision is designed to address a situation where the veteran is actually challenging the decision to remand a case. That surely would be mooted because once it's remanded, that issue is gone. I think that's what the third criteria Williams is designed to address. But that's the only circumstance, then, in your view of the subsequent cases. Well, I don't want to preclude others, but it's certainly not the circumstance that's been present in a couple of other cases. That's right. In fact, our case is exactly like the Cullen case. In Cullen, the veteran had a spinal disability and made two arguments. First, the veteran said, I received a 20% rating, but that should be increased to 40%. And then second, I received only one rating under a diagnostic code, and I'm entitled to two. The veterans court denied the second claim, but remanded the first claim. That's exactly what's happened in our case as well. She made two claims to the veterans court. She received a 10% rating for right shoulder bursitis. She argued, number one, that 10% rating should be increased. And number two, she's entitled to two ratings under one diagnostic code. Just like in Cullen, this court then said in Cullen, the court doesn't possess jurisdiction to entertain the case. The question of whether or not the veteran is entitled to two ratings under one diagnostic code won't be mooted by the remand. The veteran can come back down the road and raise that issue. The court should reach the same conclusion here. What about with respect to if you've got two ratings that they're seeking within one diagnostic code and it goes back to the board and the board says, well, we don't have to reach the issue of whether you can get both because you just don't have enough medical evidence to give you anything. The second wrong. So, therefore, why would anybody ever reach that again when it comes up here because they're not going to win it. So isn't that, in fact, mooting the issue? Well, certainly that's possible. But I guess I would also cite to the Myore case where this court addressed the argument that, well, there's a chance that something might happen below that would moot the issue. And this court said, well, just because there's a chance that's not enough, there's got to be a substantial chance, substantial chance. But moreover, I don't know why anyone would appeal that issue. If there's no evidence at all, I don't see why the party would even... Well, I think we all agree that's why it's mooted. But I thought the criteria of the third wrong of Williams is if the issue will be mooted. And if we all agree it would be mooted so nobody would appeal it, that doesn't help your position. Well, certainly one could come up with hypotheticals where it would possibly be mooted, but there has to be a substantial... Well, how do we assess? I mean, how do we sit here and assess whether or not how the board is going to go about dealing with these two arguments? How do we assess whether there's substantial chance or not? I would also add in this case, we do know she did receive a 10% rating. So the idea that she would get no rating at all... For both? No, she received just one 10% rating. Right. So she could still argue, well, I received a 10% rating. I should get two 10% ratings. Is there a distinction between an issue being mooted by virtue of the remand and an issue being mooted by virtue of the failure to present evidence? Well, I think that's what the third Williams criteria is designed to address. The first... It's designed to address the first issue, mooted by virtue of the remand. That's right. So a situation where a claim is arguing the Veterans Court didn't have authority to remand this issue. So that's not the claim that she's making here, of course. Just briefly on the merits, Ms. Duchesneau argues that the VA has misread the diagnostic code 5201. She says that it requires two separate ratings, that the claimant has limitation of arm movement in two different planes, flexion and abduction. There's nothing in any of the regulations to provide that she's permitted to obtain two ratings under this one diagnostic code. 5201 certainly doesn't allow for it. She cites to 4.45 and the plate at 4.71. 4.45 simply says that the factors of disability reside in different planes of movement. So the fact that a Veteran has limitation of movement in different planes are simply factors to consider when providing one rating for this single disability. So none of the regulations provide for two separate ratings under this diagnostic code. Moreover, 4.7 says when there's a question of which of two evaluations to apply, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. So 4.7 says that you simply receive one rating. And similarly, 4.14 says that the evaluation of the same disability under various diagnoses is to be avoided. So one can't receive two disability ratings for the same diagnoses. So for all these reasons, unless there are further questions, we respect the request of the court to dismiss this appeal. Thank you, Mr. Preheim. Thank you. Ms. Thayer has a little rebuttal time if she chooses to use it. I think the Duchesne situation is entirely different than Cullen in one important way. In Cullen, the Veteran had already been granted a 120% rating. Therefore, it was remanded to consider whether the criteria for 40% were applicable. So the nature of that remand is that the court would have to, they already had 20, and they would have to consider the criteria under 40. The decision would consider both. And the Veteran already had at least one rating in their pocket. In our case, we have no rating. So the risk is substantial because if on remand the status quo is maintained, there will be 0% ratings for both injuries. And we think there is a chance, substantial chance, that we would only receive the one rating for a limitation in one direction, and therefore this issue would be moved. But do you disagree with the suggestion that Judge Lynn had, that there's a difference between moving for lack of evidence and moving sort of on a legal basis? I don't agree. I believe that this is an important legal significant question that the court should address now. I know there's at least four other cases that are dealing with this exact question, and it's appropriately before the court, and it won't go away if we remand to the board and wait for it to come up in the right circumstances. Well, that kind of argues against your point, right? If there's so many cases, then we're going to eventually get to the issue in any event, irrespective of what happens to this remand when we send it back, right? I mean, it cuts both ways, right? We may and we may not. I think in the other four cases, they've also been remanded and they need to appeal also. So, I like the point about in what cases would we pass the Williams hurdle if it were, if we, if the third criteria was found to apply. In any rate, this legal question will, oh, I wanted to bring up the point that the government referred to 4.14A and some, and oh, referred to the point that we already have a 10% rating under diagnostic code 5019. That's not an issue. The issue is whether we can have multiple disability ratings under diagnostic code 5201. So, the fact that we have the one code, the rating under 5019, does not make our case closer to the Cohen situation. Also, the secretary referred to sections 4.14A and 4.132, where in which case the regulations say that two disabilities, the veterans should not receive two ratings under the same diagnostic code. Those are situations where there is an organic component and a psychological or psycho-neurotic condition. And the VA regulations specifically say that the veterans should not be entitled to two disability ratings when one of the disabilities is, one of the conditions is organic and the other is psychological. So, those are different than the case at hand. I think in this case, the veteran has two overlapping and distinct disabilities and that the Veterans Court erred in interpreting the rule of law in Cullen to limit two separate disabilities to one disability rating solely because the two disabilities occur in the same joint. Thank you. Thank you, Ms. Thayer. We'll take the case under review.